AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Rickia Adams | ) | Case Number: DPAE2:22CR000268-003 |
| a/k/a "Kia" | ) | |
| | ) | USM Number: 19546-510 |
| | ) | |
| | ) | James F. Brose, Esquire |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 and 2 of the Indictment.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy | 6/18/2021 | 1 |
| 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D), and 18 U.S.C. § 2 | Dealing in firearms without a license and aiding and abetting | 6/18/2021 | 2 |

The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/23/2025
Date of Imposition of Judgment

/s/ Michael M. Baylson
Signature of Judge

Michael M. Baylson, U.S. District Court Judge
Name and Title of Judge

June 23, 2025
Date

DEFENDANT: Rickia Adams a/k/a "Kia"
CASE NUMBER: DPAE2:22CR000268-003

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

time-served on each of Counts 1 and 2 of the Indictment, such terms to run concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
　　　　　　　　　　 Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT: Rickia Adams a/k/a "Kia"
CASE NUMBER: DPAE2:22CR000268-003

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

three years on each of Counts 1 and 2 of the Indictment, such terms to be served concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page **4** of **8**

DEFENDANT: Rickia Adams a/k/a "Kia"
CASE NUMBER: DPAE2:22CR000268-003

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: Rickia Adams a/k/a "Kia"
CASE NUMBER: DPAE2:22CR000268-003

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a mental health program for evaluation and/or treatment and abide by the rules of any such program until satisfactorily discharged.

The defendant shall must do the first 6 months on home detention. (Electronic monitoring to be paid by the government).

DEFENDANT: Rickia Adams a/k/a "Kia"
CASE NUMBER: DPAE2:22CR000268-003

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page  7  of  8

DEFENDANT: Rickia Adams a/k/a "Kia"
CASE NUMBER: DPAE2:22CR000268-003

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 200.00 due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
   It is further ordered that the defendant shall pay to the United States a total special assessment of $200, which is due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Case Number
   Defendant and Co-Defendant Names          Joint and Several     Corresponding Payee,
   (including defendant number)    Total Amount    Amount    if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
   a Glock, Model 17, 9mm semi-automatic pistol, bearing serial number BNHN198; a Taurus, Model PT111G2, 9mm semi-automatic pistol, bearing serial number ABH802561; a Glock, Model 19X, 9mm semi-automatic pistol, bearing serial number AEVK741;

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page 8 of 8

DEFENDANT: Rickia Adams a/k/a "Kia"
CASE NUMBER: DPAE2:22CR000268-003

## ADDITIONAL FORFEITED PROPERTY

a Glock, Model 17Gen5, 9mm semi-automatic pistol, bearing serial number BRDP761;
a Smith & Wesson, Model SD9VE, 9mm semi-automatic pistol, bearing serial number FCR0124;
a Glock, Model G19X, 9mm semi-automatic pistol, bearing serial number AFBH560;
a Taurus, Model G3, 9mm semi-automatic pistol, bearing serial number ABL178119;
a Smith & Wesson, Model SD9VE, 9mm semi-automatic pistol, bearing serial number FCU2045;
a Smith & Wesson, Model SD9VE, 9mm semi-automatic pistol, bearing serial number FDB8627;
a Glock, Model 17, 9mm semi-automatic pistol, bearing serial number BSHA889;
a Glock, Model 45, 9mm semi-automatic pistol, bearing serial number BSND699;
a FNH, Model 509, 9mm semi-automatic pistol, bearing serial number GKS0170875;
a Glock, Model 22Gen5, .40 caliber semi-automatic pistol, bearing serial number BSMA991;
a Smith & Wesson, Model M&P 40, .40 caliber semi-automatic pistol, bearing serial number HYU7277;
a Taurus, Model 856, .38 caliber semi-automatic pistol, bearing serial number ACB541817;
a Glock, Model 45, 9mm semi-automatic pistol, bearing serial number BKLP441;
a Smith & Wesson, Model SW99, .40 caliber semi-automatic pistol, bearing serial number SAB7693;
a Smith & Wesson, Model M&P 9 Shield EZ, 9mm semi-automatic pistol, bearing serial number NJV8804;
a Ruger, Model Max-9, 9mm semi-automatic pistol, bearing serial number 350003134;
a Taurus, Model G3C, 9mm semi-automatic pistol, bearing serial number ACB580464;
a Taurus, Model G3C, 9mm semi-automatic pistol, bearing serial number ABC519437;
a Glock, Model 31Gen3, .357 caliber semi-automatic pistol, bearing serial number PTT075;
a Glock, Model 22Gen3, .40 caliber semi-automatic pistol, bearing serial number DZW861US;
a Taurus, Model G3, 9mm semi-automatic pistol, bearing serial number ACC687442;
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number ACB600980;
a Smith & Wesson, Model SD9VE, 9mm semi-automatic pistol, bearing serial number FDF4312;
a Smith & Wesson, Model SD40VE, .40 caliber semi-automatic pistol, bearing serial number FDE6988;
a Smith & Wesson, Model SD9VE, 9mm semi-automatic pistol, bearing serial number FDF3007;
a FN, Model FNS-9C, 9mm semi-automatic pistol, bearing serial number GSU0033812;
a Smith & Wesson, Model SD9VE, 9mm semi-automatic pistol, bearing serial number FYS2728;
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number ACD839103;
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number ACD838986;
a Taurus, Model G3, 9mm semi-automatic pistol, bearing serial number ACC728575
a Taurus, Model G3C, 9mm semi-automatic pistol, bearing serial number ABG655009
a Glock, Model 19Gen5, 9mm semi-automatic pistol, bearing serial number BSPE227
a Taurus, Model G2S, 9mm semi-automatic pistol, bearing serial number ACD813449;
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number ACD838723
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number 1C043648
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number 1C043648
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number 1C043582;
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number ACE847322;
a Taurus, Model G3C, 9mm semi-automatic pistol, bearing serial number ACE860589;
Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number ACE883776
a Glock, Model 45, 9mm semi-automatic pistol, bearing serial number BTGV472
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number 1C043576
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number 1C036920
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number 1C306919;
a Taurus, Model G3, 9mm semi-automatic pistol, bearing serial number ACE880329;
a Taurus, Model G3, 9mm semi-automatic pistol, bearing serial number ACC684039;
a Smith & Wesson, Model SD9VE, 9mm semi-automatic pistol, bearing serial number FDJ1167;
a Taurus, Model G3, 9mm semi-automatic pistol, bearing serial number ACE880443;
a Taurus, Model G3, 9mm semi-automatic pistol, bearing serial number ACE893792
a Glock, Model 36, .45 caliber semi-automatic pistol, bearing serial number BSUG893
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number ACE896193;
a Taurus, Model G2C, 9mm semi-automatic pistol, bearing serial number ACE896193;
eighteen live rounds of ammunition originally contained in a Taurus Model G3, 9mm semi-automatic pistol, bearing serial number ACE880329
twenty-two live rounds of ammunition originally contained in a Glock, Model 45, 9mm pistol, bearing serial number BTGV472;
six live rounds of ammunition originally contained in a Glock, Model 36, .45 caliber semi-automatic pistol, bearing serial number BSUG893;
five live rounds of assorted ammunition in a plastic bag
four live rounds of .357 SIG caliber ammunition
and seventeen live rounds of Federal Ammunition